**UNITED STATES of America,**
**Appellee,**

v.

**Jose HEREDIA, Defendant–Appellant.**

**No. 07–0849–cr.**

United States Court of Appeals,
Second Circuit.

June 20, 2008.

Darrell B. Fields, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, for Appellant.

David C. James (Evan M. Norris on the brief), Assistant United States Attorneys, for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Present: ROSEMARY S. POOLER and SONIA SOTOMAYOR, Circuit Judges, JANE A. RESTANI,[1] Judge.

### SUMMARY ORDER

Jose Heredia ("appellant") appeals from a judgment of the United States District Court for the Eastern District of New York (Amon, *J.*), entered on February 28, 2007, convicting him, after a jury trial, of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g), and sentencing him principally to twenty-one months' imprisonment and three years' supervised release. Appellant appeals only the conviction. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

1. The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

The appellant first argues that the district court erred by admitting into evidence, over hearsay objections, a command log entry purportedly written by a non-testifying desk officer. The command log entry, written at the police station, purported to reflect an arresting officer's statement that the appellant was charged with gun possession and that two other individuals arrested at the same time were charged only with disorderly conduct. The defense theory at trial was that the arresting officers did not know which of these three individuals owned the discarded gun, but quickly decided "on the scene" to attribute the gun to the appellant, whom the officers recognized from a prior arrest. The command log entry was admitted into evidence, over a defense objection, apparently on the theory that it contained a prior consistent statement by an arresting officer.

As an exception to the hearsay rule, a prior consistent statement of a witness may be admitted into substantive evidence if it is "consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." Fed.R.Evid. 801(d)(1)(B). However, to be admissible under this rule, the consistent statement must have been made before the alleged motive to fabricate arose. *See Tome v. United States,* 513 U.S. 150, 156, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995). Accordingly, the appellant argues that because the defense's trial theory was that "the decision to attribute the gun to appellant had been made before they reached the precinct," the command log entry, written at the precinct, contained statements made *after* the alleged motive to fabricate arose. Thus, according to the appellant, the log entry was not admissible as a prior consistent statement. The appellant also argues that the command log contained inadmissible hearsay by the desk officer.

■ The argument is well put. However, we need not decide whether the log entry was admissible under Rule 801(d)(1)(B), or whether it contained inadmissible hearsay by a non-testifying desk officer, because any error in admitting the entry was necessarily harmless. According to the defense's trial theory, the officers had made their decision to charge the gun exclusively to the appellant *before* they reached the precinct. Thus, the log entry, written at the precinct, stated no more than what everyone agreed was true: by the time they arrived at the precinct, when the entry was written, the officers had decided to charge only the appellant with gun possession.

■ The appellant next argues that admission of the log entry, written by a non-testifying desk officer, violated the Confrontation Clause. Because the appellant did not raise this objection to the trial court, his Confrontation Clause challenge is reviewed for plain error. *See United States v. Bruno,* 383 F.3d 65, 78 (2d Cir. 2004). As stated above, any error in admitting the entry was harmless; *a fortiori,* the putative error was not plain.

The appellant finally argues that the prosecutor committed several reversible errors during summation. The appellant principally objects to the prosecutor's statement during rebuttal summation, in which the prosecutor drew a comparison between an errant omission in a stipulation signed by both counsel and an omission in the arresting officers' memo books. The officers' memo books, apparently written at the scene of arrest, contained no indication that the officers intended to charge the gun exclusively to the appellant. The prosecutor seemed to use this ill-considered analogy to suggest that mistakes and omissions in paperwork are commonplace.

After an objection, the court offered to instruct the jury that they "can't consider these stipulations for any purpose other than what was agreed to in the stipulation. [The jury] can't use it to say people make mistakes."

██ "It is a rare case in which improper comments in a prosecutor's summation are so prejudicial that a new trial is required." *United States v. Rodriguez,* 968 F.2d 130, 142 (2d Cir.1992) (internal quotation marks omitted). "To warrant reversal, the prosecutorial misconduct must cause the defendant substantial prejudice by so infecting the trial with unfairness as to make the resulting conviction a denial of due process." *United States v. Parkes,* 497 F.3d 220, 233 (2d Cir.2007) (internal quotation marks omitted). "In assessing the alleged misconduct, we consider the severity of the misconduct, the measures adopted to cure it, and the certainty of conviction in the absence of the misconduct." *Id.* (internal quotation marks omitted).

It is clear that the prosecutor's statement was inappropriate. In drawing the analogy, the prosecutor attempted to use defense counsel as a witness by asking the jury to draw an inference from defense counsel's signature to the stipulation; the statement falsely suggested that the defense attorney shared in the prosecutor's responsibility for the errant omission in the stipulation; and the statement may have subtly misrepresented the testimony of the police officers, who testified that it was not by error, but by common practice, that the lesser charges were not included in the memo book.

And yet, the error did not result in the high level of prejudice required to reverse a conviction. First, the challenged statement was isolated. "[I]solated remarks are ordinarily insufficient [to warrant reversal]." *Id.* at 234 (internal quotation marks omitted) (alteration in original). Second, the comment was a poorly worded attempt to appeal to the jury's common sense intuition that omissions in paperwork are frequent. Significantly, this comment was made in response to defense counsel's attack on the credibility of prosecution witnesses. *See United States v. Thai,* 29 F.3d 785, 807 (2d Cir.1994) (concluding that when "defense counsel have attacked . . . the credibility of the government agents, the prosecutor is entitled to reply with rebutting language suitable to the occasion." (quotation marks omitted)). Finally, and most importantly, the court offered to give a curative instruction that would have remedied the main harm of the comments, by explaining to the jury that the stipulation should not be used for *any* purpose other than to learn the content of the stipulation. *See United States v. Burns,* 104 F.3d 529, 537 (2d Cir.1997) ("[O]ur case law recognizes that contemporaneous curative measures are the most effective means of neutralizing otherwise prejudicial conduct by a prosecutor."). Taken together, these considerations amply show that the alleged misconduct did not result in a denial of due process.

For the foregoing reasons, we AFFIRM the decision of the district court.